PETER V. KING, NATHANIEL W. CHATER AND JOSEPH LENTILHON, APPELLANTS, v. DOMINGO SARRIA, IMPLEADED WITH PEDRO A. GRAU AND MANUEL F. LOPEZ, RESPONDENTS.

*Limited partnership — laws of foreign State — recognition of.*

The defendant, a resident of Cuba, complied with the laws of Spain relating to special partnerships, so far as to protect himself there from partnership liability. *Held,* that he was exempt from liability, as a general partner, in transactions of the firm with citizens of this State.

APPEAL from a judgment entered on the report of a referee, dismissing the complaint.

The referee in this case found that the plaintiffs were partners doing business in the city and State of New York under the firm name of Peter V. King & Co.; that the defendants were aliens, subjects of Spain, carrying on business in the island of Cuba, and had business with the plaintiffs relating to advancements by plaintiffs on shipments consigned to plaintiffs for sale by them in New York, as factors.

That the defendants constituted the firm of Grau, Lopez & Co., composed of Pedro A. Grau and Manuel Lopez as general partness, and Domingo Sarria as *comanditario,* or special partner.

That the defendant Sarria never had any partnership connection with the said defendants Grau and Lopez, other than that of *comanditario.* That he did not use, nor permit his name to be used, in the firm style or name, nor by any representation, act, or omission, render himself liable as a general partner.

That said defendant Sarria had not at any time by representation, or by acts, or otherwise, held himself out as a general partner of said firm.

That said limited partnership of Grau, Lopez & Co. was, on the 31st day of December, 1869, indebted to plaintiffs for advances, charges, interest and commissions, in a balance amounting to the sum of $99,487.20.

As conclusions of law, among others, that the liability of the defendant Sarria in this case, is to be determined by the laws of Spain, and not by the laws of the State of New York.

That judgment should be entered herein, directing and adjudging that plaintiffs' complaint herein be dismissed upon the merits, as against the defendant Sarria, and that said defendant Sarria recover of plaintiffs his costs in this action.

*S. P. Nash*, for the appellants.

*Augustus F. Smith* and *F. R. Coudert*, for the respondents.

BRADY, J.:

The findings of fact by the referee are sustained by the evidence, and the question presented by this appeal is, whether the defendant Sarria can avail himself of his rights secured by the character of the compact which he made with the other defendants, at his domicile in the island of Cuba, where his relations with them were established.

The general characteristics of that arrangement are, that the other defendants should carry on the business, and that he should be liable for losses only to the extent of the capital which he contributed, unless by some act of his, which would produce such a result, he incurred the responsibility of a general partner. There is, in the code of commerce of Spain, of which extracts were put in evidence, nothing which by any of its articles entails such a liability, either for any omission made or acts done by him.

He omitted nothing under the code, which was necessary to his security, and did nothing by which it was forfeited. This result is not only warranted by the code itself properly considered, but by the evidence of the experts called to testify upon the subject. The

effect of not observing the particular forms and solemnities especially established by the code is to impair, perhaps, the obligations of the contract of the parties *inter se*, and therefore affects their rights, each as to the other, and further to endanger their success in any action commenced by them for the enforcement of their rights. (Arts. 28, 236, 285.) The liability of special partners is, by article 273, limited to the funds which they have contributed except in case of violation of article 271, which declares that they cannot include their names, in the firm names of the copartnership. Nor can they (art. 272) perform any act of administration touching the interests of the copartnership, nor act even in the capacity of attorneys in fact, of the general partners. They must be special partners in fact as well as by form, and not mislead by a false position which would induce the conviction that they were general partners. While the various articles of the code relating to the subject authorize the formation of limited partnerships, they do not fail to wind about the special partner the cords by which he shall be kept in place and prevented from departing from it without serious consequences. The contract, therefore, between Sarria and the other defendants forming the partnership, was authorized by the law of the land where it was made, and his liability has not by any act or omission of his been enlarged. It seems to have been a subject of discussion, whether the character of the obligations of a special partner has any existence beyond the territory, by the laws of which it was created, but upon what just principle it is difficult to understand.

If foreign traders seek commercial relations, for example, with the people of this State, and they present themselves as a firm, it rests with our citizens to ascertain the persons who form, and the nature of the copartnership, and then to determine whether or not they will enter into transactions with them. It may be that the spirit of enterprise or barter cannot be impaled on such conservative notions, and that "nothing venture nothing win" is more in harmony with the business life of our people; but when a transaction is viewed from the standpoint of natural justice and equity, it seems to be inevitable that no man shall incur a responsibility against which he protected himself by the laws of his country without some overt act of his own. This reasonable appreciation and adjustment of the question appears to have commended itself

to Wharton (Conflict of Laws, §§ 468, 469, 470); Judge Redfield (Story's Conflict of Laws [7th ed.], § 320 ; and Westlake's Private International Law, articles 211, 212), and the latter writer suggested that when the copartnership is to be assailed, it seems impossible to set it up at all, without at the same time importing the limit, to which the liability was restricted. The question has received consideration also in Rhode Island, in the case of *Barrows* v. *Downs*, affecting a Cuban firm (reported in 9 R. I. Rep., 446), and decided in favor of the special partner. These views express a result which is thought consonant with justice and equity, and ought to be sustained by this court.

If a foreign firm, organized under the laws of its domicile, cannot deal with any other people without subjecting the special partners, by the mere effect of their relation to it, to liabilities of a general character, in derogation of the rights secured by the compact which they lawfully make, the effect must be to restrict commercial enterprise and intercourse, and in effect inhibit to some extent at least mercantile dealings. This is against public policy, and, therefore, public good; against the laws of natural justice and equity, and therefore in violation of the honorable principles which should distinguish the administration of justice.

It would be giving tribute to the abandonment of that ordinary prudence which leads men to investigate and to ascertain who are the persons with whom they are dealing, and the liability of each, according to the relation which he may occupy. It is quite apparent, for example, that if the plaintiffs had sought to know who was the company of the defendant's firm, they would have been advised that the designation was ornamental only, and therefore that they must look to Grau and Lopez in their dealings.

Having arrived at these conclusions, it becomes a duty to affirm the judgment, for there is no other element in this case sustained by facts or by law, which would warrant us in disturbing it.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed.